IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PACIFIC FRONTIER, INC., et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>TAYLORSVILLE CITY, et al.,<br><br>        Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:04-CV-855 TC |

On August 5, 2005, the court issued an Order and Memorandum Decision granting in part and denying in part the Plaintiffs' Motion to File a Second Amended Complaint. (See Docket No. 225.) The Defendants filed a Motion for Reconsideration of that Order, contending that (1) "the Order does not fully address whether plaintiffs have standing to bring their claims under 42 U.S.C. § 1983" to bring a facial challenge to the allegedly unconstitutional Ordinance, and (2) even if the "Order does address plaintiffs' Section 1983 claims, it relies upon an incorrect definition and determination of the application of 'state action'" under Section 1983. (Defs.' Mem. Supp. Mot. for Reconsideration at 1-2.) The court disagrees and, for the reasons set forth below, DENIES Defendants' Motion for Reconsideration.

**ANALYSIS**

The court's August 5, 2005 Order and Memorandum Decision was an interlocutory order. "It is within the [court's] discretion to revise [its] interlocutory orders prior to entry of final judgment." Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir. 1988); Fed. R. Civ. P.

54(b) (an interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.")

The standard cited by the Defendants in their motion is applicable to final judgments under Rule 59 rather than to interlocutory orders.  Defendants quote <u>Ekotek Site PRP Committee v. Self</u>, 932 F. Supp. 1319 (D. Utah 1996), which notes that "courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." <u>Id.</u> at 1322 (internal citations omitted). Defendants specifically assert that, in this case, "there is a need to correct clear error and to prevent manifest injustice." (Defs.' Mem. Supp. at 3.) Assuming, for argument's sake, that "clear error" or "manifest injustice" is an appropriate reason to reconsider an interlocutory order, Defendants fail to show any error or injustice in the court's decision to allow the Plaintiffs to file their Second Amended Complaint.

Defendants contend that it is futile to allow the Plaintiffs to bring their Section 1983 claims because Plaintiffs cannot meet the allegedly more rigorous threshold requirements of standing of Section 1983 (even though, as Defendants concede, the Plaintiffs have Article III standing).  They also contend that the Plaintiffs have not alleged that they have been subjected to state action because they bring a facial challenge to a city ordinance, a claim that Plaintiffs allege is not available under the Section 1983 statute.  Instead, Defendants assert that "[c]hallenges to statutes which regulate any speech may be properly brought under the relaxed standing requirements pursuant to the Declaratory Judgment Act found at 28 U.S.C. § 2201." (<u>Id.</u>)

**Standing Under 42 U.S.C. § 1983**

The Defendants contend that the Plaintiffs, who have standing under Article III, still do

not have standing under 42 U.S.C. § 1983 to bring their pre-enforcement facial challenge to the City's solicitation ordinances. They suggest that if the Plaintiffs want to obtain redress for alleged violation of their constitutional rights, they are free to bring their claim under the Declaratory Judgment Act. In support of their argument, they assert that Congress did not intend to provide the relief that Plaintiffs seek under 42 U.S.C. § 1983 (i.e., declaratory relief in a pre-enforcement challenge). The Defendants' position is incorrect.

The Declaratory Judgment Act does not provide a private right of action to the Plaintiffs or give this court subject matter jurisdiction. "It is well established that the Declaratory Judgment Act 'enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.'" Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1265 (10th Cir. 2004) (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). There must be an independent basis for jurisdiction in order to obtain the remedy provided by the Declaratory Judgment Act. Amalgamated Sugar Co. v. Bergland, 664 F.2d 818, 822 (10th Cir. 1981). That is, the Plaintiffs must still establish that they have a private cause of action. Section 1983 provides that private cause of action. See, e.g., Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924, 934 (1982) (noting that purpose of section 1983 was to enforce individual citizens' rights guaranteed under the United States Constitution by providing a remedy for violation of those rights by a state actor); Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 700-01 (1978) ("[T]here can be no doubt that § 1 of the Civil Rights Act [precursor to § 1983] was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights."). During the Senate debate on § 1 of the Civil Rights Act, Senator Thurman stated:

> This section [§ 1, the precursor to § 1983] relates wholly to civil suits . . . . <u>Its whole effect is to give to the Federal Judiciary that which now does not belong to it – a jurisdiction that may be constitutionally conferred upon it, I grant, but that has never yet been conferred upon it.</u> It authorizes any person who is deprived of any right, privilege, or immunity secured to him by the Constitution of the United States, to bring an action against the wrong-doer in the Federal courts, and that without any limit whatsoever as to the amount in controversy . . . .

<u>Monell</u>, 436 U.S. at 686 (quoting Senator Thurman's statement made during debate on the Civil Rights Act of 1871) (emphasis added). Indeed, the Act specifically provides for declaratory, as well as monetary and injunctive, relief. See <u>Monell</u>, 436 U.S. at 690 ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief").

Also, no case law supports the Defendants' proposition that standing requirements under § 1983 are somehow more rigorous than Article III standing requirements. Rather, courts analyzing first amendment facial challenges brought under § 1983 have relied on the Article III standing analysis and nothing more. <u>See, e.g.</u>, <u>Virginia v. American Booksellers Ass'n</u>, 484 U.S. 383, 390, 392-93 (1988) (analyzing under Article III, the court found that plaintiffs bringing pre-enforcement facial challenge under § 1983 had standing); <u>Pacific Frontier v. Pleasant Grove City</u>, 414 F.3d 1221, 1228-29 (10th Cir. 2005) (same); <u>Association of Community Organizations for Reform Now ("ACORN") v. Municipality of Golden Colorado</u>, 744 F.2d 739, 745 n.3 (10th Cir. 1984) (same). Accordingly, the court need only analyze the issue of Plaintiffs' standing using the Article III analysis, as was already done in the court's August 5, 2005 Order.

**State Action Under 42 U.S.C. § 1983 in First Amendment Cases**

Defendants also contend that even if Plaintiffs have standing, Plaintiffs cannot state a claim for which relief may be granted under 42 U.S.C. § 1983. Section 1983 provides, in relevant part, that "[e]very person, who under color of any statute, ordinance, regulation, custom

or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

Plaintiffs assert that the mere existence of the ordinances is not enough to establish "state action" under the elements of Section 1983, and they cite to Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658 (1978), to support of their position. The United States Supreme Court in Monell stated that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. . . . [But] Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."  436 U.S. at 690-91.

Monell did not address the specific issue before the court – that is, whether, in a First Amendment context, the enactment of an ordinance, without more, is state action for purposes of § 1983.  Moreover, despite Defendants' contention, Monell does not foreclose the Plaintiffs' position that they have stated a cause of action under Section 1983.  "[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," municipalities may be directly liable under Section 1983 for monetary, declaratory, or injunctive relief.  Monell, 436 U.S. at 690, 694.  Enactment of an ordinance is execution of the government's policy.  Such a conclusion is at least implicit in cases finding municipal liability in a section 1983 case where the

municipal ordinance was challenged before any enforcement action was taken.  See, e.g., Virginia v. American Booksellers Ass'n, 484 U.S. 383, 390, 392-93 (1988) (holding that pre-enforcement facial challenge under § 1983 was valid claim); Pacific Frontier v. Pleasant Grove City, 414 F.3d 1221, 1228-29 (10th Cir. 2005) (finding facial challenge in § 1983 case valid and stating that "[w]e decline to hold that solicitors must first apply for and be denied a license before challenging a licensing ordinance's constitutionality.");  Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1065-66, 1077 (10th Cir. 2001) (in § 1983 action seeking declaratory and injunctive relief, court applied Central Hudson commercial speech analysis, found that statute restricting liquor advertising was unconstitutional, and ordered injunctive relief);  Association of Community Organizations for Reform Now ("ACORN") v. Municipality of Golden, Colorado, 744 F.2d 739, 744 (10th Cir. 1984) ("Applying for and being denied a license or an exemption is not a condition precedent to bringing a facial challenge to an unconstitutional law.").  These cases support the proposition that enactment of an ordinance which has a chilling effect on speech is sufficient, without more, to constitute state action under § 1983.  That is, in the First Amendment free speech context, courts have found that plaintiffs who suffer a chilling effect on their speech as the result of enactment of an ordinance have suffered injury under § 1983.  Here, Plaintiffs have sufficiently alleged that the Defendants enacted or enforced the solicitation ordinances under color of law and that the ordinances are an official policy of the city enacted by officials with final policy making authority.  Accordingly, the Plaintiffs have stated a cause of action under 42 U.S.C. § 1983.

## ORDER

For the foregoing reasons, the court declines to reverse or amend its August 5, 2005 Order.

Accordingly, Defendants' Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 6th day of December, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge